AMELIA SPARKS et al.

*v:*

CHARLES S. Ross et al.

[Submitted July 7th, 1908. Decided July 14th, 1908.]

On the issue of the existence of a lawful marriage celebrated in 1873, evidence *held* to require the submission to the jury of the question whether the marriage of the man to another woman in 1862 was subsisting in 1873.

On motion for a new trial.

A feigned issue in this suit directed the law court to ascertain whether the marriage which was celebrated between Edmund B. Ross and Mary Cavanaugh October 24th, 1873, was a lawful marriage. At the trial in the law court the jury was instructed to return a verdict to the effect that on the date named Edmund B. Ross was the husband of Maria Moose. This instructed verdict operated to declare the marriage of Edmund B. Ross and Mary Cavanaugh unlawful and the children of that marriage illegitimate. A motion for a new trial was made in this court in behalf of the children so declared illegitimate, and a new trial was ordered upon the ground that the evidence offered to overthrow the presumption of legality of the marriage of Ross and Cavanaugh was not of that character which commanded absolute acceptance or afforded a conclusive demonstration of the facts sought to be established, and, in consequence, the jury should have been permitted to pass upon the issue presented. *Sparks* v. *Ross, 72 N. J. Eq. (2 Buch.) 762.* On appeal the court of errors and appeals affirmed the order made by this court. *Sparks* v. *Ross, 73 N. J. Eq. (3 Buch.) 735.* The same issue has again been tried in the law court and again a similar verdict has been directed. A motion for a new trial is now made in this court.

*Mr. Eckard P. Budd* and *Messrs. French & Richards,* for the complainants.

*Mr. Timothy J. Middleton* and *Mr. John J. Crandall,* for the defendants.

LEAMING, V. C.

The only material new evidence received at the second trial was testimony to the effect that Jacob Loudenslager, who is alleged to have celebrated the marriage between Edmund B. Ross and Maria Moose December 4th, 1862, was at that time an ordained minister of the Methodist Episcopal church. I am un-

able to conclude that the added testimony was sufficient to remove the case from the consideration of the jury. As heretofore stated the presumption of legality of the marriage of Ross and Cavanaugh is a powerful presumption which cannot be disregarded. When Edmund B. Ross married Mary Cavanaugh and resided with her as his wife for the remaining eighteen years of his lifetime and raised a family of children by her, in the same general section of this state in which the Moose woman resided, his conduct declared with great force and power that the impediment io his marriage, which is here claimed, did not exist. I am convinced that it was the province of the jury to weigh the force of these circumstances against the force of evidence which was offered in opposition. Even if it be assumed that Ross was married to Maria Moose in 1862 the court of errors and appeals declared, when the former case was there for review, that it "was not conclusive that that marriage was still subsisting in the year 1873, when, according to the evidence, Ross contracted a marriage with Mary Cavanaugh." Upon that aspect of the case the evidence at the second trial was the same as presented at the former trial. The Moose woman at the former trial and at the recent trial testified that she had never been divorced, but as she remarried in 1870 her conduct either discredits her testimony or her morality. It was clearly a jury question whether the bonds of any former marriage still subsisted in 1873.

I will advise an order for a new trial.